haustion, and the price paid for the ore mined, and this amounted to $132,573.60 annually to be paid to the vendors of the stock. If all went well each year, and the mining operation was the same with the same degree of fortune as to the quantity and quality of the ore mined, there would be insured to the stockholders this annual payment. In effect it would be similar to an annuity. Therefore, when this taxpayer sold her stock, in addition to receiving cash, she would obtain what substantially amounts to an annuity for a period of 45 years. If this were a purchase of an annuity, the sums received in the years in question could not be taxed as income. Warner v. Walsh (C. C. A. 2, 1926) 15 F. (2d) 367. The same principle is applicable. United States v. Bolster (C. C. A. 1, 1928) 26 F.(2d) 760, 59 A. L. R. 491; Allen v. Brandeis (C. C. A. 8, 1928) 29 F.(2d) 363.

There is no taxable income received until there has been a return of petitioner's capital, ascertained by finding her proportionate share of the value of her original 250 shares as of March 1, 1913, and as to those shares inherited from her mother's estate, the value of such interest at the time of her mother's death.

Order reversed.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This petitioner owned 350 shares of stock of the Andrews & Hitchcock Iron Company, which she owned prior to March 1, 1913, and sold on March 11, 1916, under the circumstances and terms referred to in the case of Logan v. Commissioner (C. C. A.) 42 F. (2d) 193, decided this day. She also inherited ⁵⁵⁰⁄₄₀₀₀ interest from her mother's estate. The income in question was moneys received during two years, 1918 and 1919, as payment made pursuant to the contract obligation of the Youngstown Sheet & Tube Company to this petitioner. The same contract is involved. For the reasons there stated, it follows that the order of the Board determining these moneys in part to be income and taxable was erroneous, and the order must be reversed.

Order reversed.

■■■■■■■■■

**Julia Andrews BRUCE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 216.

Circuit Court of Appeals, Second Circuit.

May 19, 1930.

■■■■■■■■■

Raymond B. Goodell, of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John Vaughan Groner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

**UNITED STATES v. WORLEY.**

No. 8558.

Circuit Court of Appeals, Eighth Circuit.

May 19, 1930.

